MERRICK SHELDON, Complainant and Appellee,

*vs.*

BENJAMIN R. SHELDON, HENRY R. SHELDON, CHESTER FITCH, et al, Defendants and Appellants.

APPEAL IN EQUITY FROM THE MILWAUKEE CIRCUIT COURT.

When an agent, without authority, substitutes another in his place. the principal is not bound by the acts of the latter, unless he ratifies the same; but if he does ratify the acts of the sub-agent (which he may do) he is bound thereby.

The averments set forth in an answer in chancery, to be evidence, must be responsive to some allegation in the bill; otherwise it is merely matter in avoidance, and must be proved like all other averments which are not admitted by the pleadings.

The ten years' statute of limitation does not apply to a trustee who has continued during that time to act as trustee, with the consent of the *cestui que trust*, and all others interested in the trust property.

The "ten years" statute of limitation, applicable to cases of trust, &c., commences to run on his denial of the trust, or by setting up a claim to the property in his own right. So long as he claims to hold the property in a fiduciary capacity, and performs the duties of his trust properly, there is no cause for a bill for relief against him.

The bill, answers, and proofs in this case were quite volumnious, but for all the purposes of the report of the case it will be sufficient to state a brief abstract.

The bill was filed in the Milwaukee Circuit Court at the May term, A. D. 1851, and states that in June, 1836, one Benjamin Sheldon, since deceased, informed the complainant that he was about to proceed to the West to invest some money in lands, and requested the complainant to advance some money to be invested with his; that accordingly the complainant advanced to the said Benjamin the sum of $745, to be invested in the name of the said Benjamin, for the

joint benefit of both in proportion to the amounts advanced by them respectively towards the purchases, and gave a receipt for the sum expressing the object and purpose for which the money was advanced, but which receipt is lost.

That the said Benjamin forthwith proceeded to the residence of his son Benjamin R. Sheldon (one of the defendants) in Illinois, and there purchased a lot in the village of Hennepin, in the State of Illinois, for the sum of $400, and left the balance of his own money, and of the money of the complainant in the hands of his son Benjamin R. Sheldon, to be invested according to the understanding between the said Benjamin and the complainant. That Benjamin R. Sheldon, as the agent of his father, proceeded to invest the money left with him, made purchases of real estate therewith and took the title in the name of Benjamin, the several parcels of which are set out and described in the bill. The whole amount of the purchases so made was $2869, of which $745 belonged to the complainant as aforesaid, of which the said Benjamin R. rendered an account which is annexed and made part of the bill.

In the year A. D. 1839 Benjamin Sheldon died, leaving the defendants his heirs at law.

The bill further states the lands purchased as aforesaid were, some in Illinois, and some in Milwaukee, in the State of Wisconsin. That for the land in Milwaukee, Benjamin R. paid $1850, and has, since the death of Benjamin been in the receipt annually of the rents, issues and profits of the same to the amount of about $20 annually, and that the defendants refuse to account for the rents and profits of said lands, and refuse to convey to the complainant his proportion of

said lands; that Benjamin died in Massachusetts, and his estate has been fully administered.

That, inasmuch as some of the lands lie in this State, to wit: the city of Milwaukee, and some in Illinois, and the defendants reside in different States, the complainant should be allowed to elect to consider all of his money so advanced as invested in the lands in Milwaukee within the jurisdiction, and to require his interest therein to be set out to him.

He prays for an amount, and a conveyance of an undivided portion of the Milwaukee property, in the proportion of $745, the money advanced, to $1850, the whole amount of the purchase money paid therefor.

The defendants, in their answers, admit the advance of the money by the complainant to Benjamin Sheldon, in the manner, for the purpose, and to the amount stated; and that a receipt for the money was given as stated in the bill; but Henry A. Sheldon avers, upon his own knowledge, and the other defendants upon information and belief, that said receipt had been voluntarily, and for a valuable consideration, given up and cancelled by the said complainant, under a compromise and settlement between him and Henry A. Sheldon, as administrator of the estate of Benjamin. They also claim that it was part of the arrangement between the complainant and Benjamin, that the complainant should pay one half of the expenses of the journey west for the purpose of selecting the lands. The answers admit the purchase of the lands, and the land in Milwaukee, at the price stated in the bill, but deny the rendition of the account stated in the bill, and aver that the complainant got possession of it fraudulently.

JUNE TERM
1854.

Sheldon
vs.
Sheldon.

The answers further allege that the defendant, Henry A., acting for himself and the other defendants, made sundry attempts to settle with the complainant; that he offered to convey to him his proportionate share of the lands, if he would pay one half of $295, the amount of Benjamin's expenses to Illinois and back. That all their attempts failed, and offers were rejected by the complainant; that he afterwards disclaimed all interest in the lands, and commenced a suit at law against the estate of Benjamin to recover the money so resceived by him.

The defendants further insist in their answer, that all of the pretended causes of action or relief set up in the bill, accrued more than ten years before the filing thereof, and are barred by the statute; that if any part of the purchase money for the lot in Milwaukee was the money of the complainant, (which is not admitted,) then Benjamin was employed as the agent of the complainant, and as said lot was not purchased by Benjamin in person, but by Banjamin R as his agent, he had no right to delegate his authority to a sub-agent, by whose acts the complainant was not bound, and which he might avow or not, at his election; that the complainant has refused a deed for his proportionate share of said lot in Milwaukee, estimating the sum at $2,869, and had commenced and prosecuted a suit to recover the money as aforesaid, and had thereby elected to disavow the acts of such sub-agent.

The evidence in the case is quite voluminous, but a very brief abstract of its purport is only necessary as referring to the points adjudicated. The material allegations in the bill in respect of the advance and investment of the money, and the chief point in dis-

pute all along the protracted controversy seemed to be, the payment of the expenses of Benjamin Sheldon from Massachusetts to Illinois, to purchase the lands, the complainant contending that if he ought to pay any portion of the expenses, it should only be the proportion which $745 bears to the whole amount of the purchase money invested, while on the part of the defendants it was insisted that he ought to pay one half of the expenses, and a reasonable compensation for the services of the said Benjamin. It further appeared, that the suit which was commenced by the complainant, was settled before it had proceeded to judgment; that the terms of the settlement were, that the complainant should have a deed for his proportion of the lands, and the matter of the expenses, &c., should be referred to referees or arbitrators. There was no proof of the cancellation of the receipt given by Benjamin to Merrick, the complainant, except the averment in his answer of Henry A. Sheldon. There was some evidence tending to show various attempts at settlement, but no definite settlement was proved.

After the hearing, the court below decreed "that the said complainant, Merrick Sheldon, has an interest or share in the real estate aforesaid of seven hundred and forty-five twenty-eight hundred and sixty-ninths thereof, and is entitled to a conveyance from the said defendants, free and clear of all incumbrances created by or through the said Benjamin Sheldon, or them or any of them, the said defendants, upon the settlement of the account hereafter ordered to be taken."

The decree then orders a reference to a commissioner to ascertain the amount of expenses paid by Ben-

jamin Sheldon, in and about the purchase of the lands, with interest, &c.; also all rents and profits received by the defendants, with interest, and that he state an account of the same between the complainant and defendants, according to the rights of the parties as stated in a former part of the decree, and that he report, &c.

The finding of the court as stated in the decree was, that the complainant was entitled to an undivided interest or share of seven hundred and forty-five twenty-eight hundred and sixty-ninths of all the real estate described in the pleadings, and that he is entitled to a conveyance upon the payment of his share of the expenses of Benjamin actually incurred, and that he ought to be charged with a like proportion of all lawful taxes paid thereon by Benjamin, or the defendants, and was entitled to a like share of the rents and profits of the premises since the purchase of the same. From this decree the defendant appealed.

*Brown & Ogden*, for the complainant and appellee.

*E. L. Buttrick*, for the defendants, appellants.

*By the Court*, Whiton, C. J. There can be no doubt that the facts stated in the bill and admitted in the answers, or proved by the testimony, show that Benjamin Sheldon was the trustee of the complainant in respect to the land in dispute, and that consequently the title went to his heirs subject to the trust. Admitting that the substitution of Benjamin R. as the agent to select and purchase the lands, would have entitled the complainant to refuse the land and recover the money, there is sufficient evidence of a ratification of the acts of the former by the latter to bind all the parties. The dispute between them

appears to have arisen solely in regard to the propor-

tion of the expenses of selecting and purchasing the land, which the complainant ought to pay and not in relation to the main question in the case, which is, whether the complainant is entitled to a portion of the land purchased.

We do not think that the commencement of the suit in Massachusetts by the complainant against the administrator of Benjamin Sheldon, to recover the money, changes the aspect of this question. If the suit had been prosecuted to a judgment, and a recovery of the money had taken place, undoubtedly the rights of the parties would have been changed. But this was not the case.

It appears from the testimony of the attorneys of the parties, that the suit was settled, and that the basis of the settlement was an agreement that the complainant should receive a deed of his proportion of the land, the parties agreeing to refer the question of expenses to the determination of arbitrators. This of itself is sufficient evidence of a ratification of the acts of Benjamin R. Sheldon by the complainant, to determine the question.

It is true that some or all of the defendants, aver in their answers that the agency of Benjamin R. was disavowed by the complainant, but this averment is not responsive to any thing contained in the bill, and is not therefore, to be considered as testimony.

The defendants contend that the original contract set out in the bill, and which is the foundation of the complainant's claim, has been cancelled. For proof of the fact of cancellation, we are referred to the answer of Henry A. Sheldon, who states the fact positively of his own knowledge ; and to the answer of

46

the other defendants, who state the same fact, upon information and belief. If this part of the answer of Henry A. Sheldon was responsive to the bill of complaint, we should be obliged to regard it as testimony, which could not be overcome without evidence to contradict it, equivalent to the testimony of two credible witnesses. But as the case stands we cannot regard it in the light of testimony, as it is not responsive to any thing which is contained in the bill. The defendants were not specifically interrogated in relation to the contract, and the bill does not any where negative the cancellation. It alleges nothing upon the subject. It is true that it sets out the making of the contract, alleges its loss, and treats it as a contract in force. But this does not entitle the defendants to aver the cancellation in their answer, and then insist that their averment is testimony. It is a fact set out by them as a defence to the suit, and must be proved like other facts.

The defendants rely also, upon the statute of limitations; the land having been purchased in the year 1836, and Benjamin Sheldon being then (if ever) under obligation to convey, it is insisted that the statute of limitations is a bar.

Section twenty-seven of chapter one hundred and twety-seven of the Revised Statutes, we think must control this question. That provides that bills for relief in case of the existence of a trust, not cognizable by the courts of common law, " shall be filed within ten years after the cause thereof shall accrue, and not after."

It is insisted by the complainant, that as this provision was made by the present Revised Statutes which went into effect in 1850, the ten years com-

menced at that time. But it is to be remembered that this is a re-enactment of the statute of the territory of Wisconsin, passed in 1839, and that the act of the State legislature which repeals the act of 1839, took effect at the same time that the act of 1850 became operative. We, however, give no opinion upon this question, nor do we decide that the act of 1850, if it had been the first legislative provision upon the subject, would not have been a bar, if the cause of action in this case had accrued more than ten years before filing of the bill. See the cases of *Wight vs. Oakley et al.*, 5 *Met. R.* 400 ; *Ross et al. vs. Duval et al.*, 13 *Pet. R.* 45 ; *People vs. Supervisors of Columbia*, 10 *Wend. R.* 363 ; *Smith vs. Harrison*, 22 *Pick. R.* 430.

But we do not think that the cause of action in this case accrued more than ten years before the commencement of this suit, so as to be barred by the statute. We cannot suppose that the legislature intended to allow a trustee to plead the statute in bar of a bill filed, to compel the performance of a trust, when he has acted as trustee ten years, with the consent, and at the request of the *cestui que trusts* and all persons interested in the trust property. A person may be appointed a trustee and may hold real estate as such, for the purpose of accomplishing objects, which cannot be realized within ten years. To hold that, the trustee in such a case might plead the statute in bar of a bill filed to compel the performance of the trust, although he might have faithfully performed his duty as trustee until the lapse of ten years, would be doing injustice to the spirit of the statute.

We think that in a case of this kind, the " ten

years" commenced with the denial of the trust, or the setting up of a claim to the trust property, by the trustee in his own right. So long as he claims to hold the property in his fiduciary character, and performs the duties which were devolved upon him by the acceptance of the trust, it cannot properly be said that a bill for "*relief*" may be filed against him. *Rush vs. Barr*, 1 *Watts. R.* 110 ; *Pratt vs. Oliver et al.*, 2 *McLean, R.* 318.

By applying these principles to this case, we are satisfied that the complainant's right is not barred by the statute. We can find no denial of the trust by Benjamin Sheldon, in his life time, nor by his heirs or legal representatives, till within ten years. Indeed, it appears, that as late as the year 1843, a suit at law pending in Massachusetts, was settled upon the basis that the complainant's share of the land in dispute should be conveyed to him. This was an express recognition of the trust, and is within the time limited by the statute, the bill in this case having been filed in the year 1851.

Upon the whole, we are satisfied that the decree of the court below must be affirmed.