## ELISHA F. PECK, Plaintiff in Error,

*vs.*

## HAZEN CHENEY, Defendant in Error.

ERROR TO THE CIRCUIT COURT OF ROCK COUNTY.

The giving or service of a copy of notes, made the subject matter of suit in an action of assumpsit, with a notice that they are the only cause or causes of action, is equivalent to the insertion of special and several counts upon each of them respectively.

The statute of limitations, to avail the party relying upon it for defence, must be pleaded specially; otherwise the court will not take notice of its application to the case.

The plea setting up the statute of limitations is, either *non assumpsit infra sex annos*, or *non accrevit infra sex annos*, according to the form of the declaration, and the nature of the action or defence.

In assumpsit, where the cause of action accrues subsequent to the promise, the proper plea of the statute of limitations is *non accrevit*.

ACTION of assumpsit brought in the Circuit Court of Rock county on two promissory notes, whereupon judgment was rendered in favor of the defendant in error, for the sum of one hundred and ninety-two dollars. This writ of error is brought to reverse the judgment of the court below.

The full statement of the facts in the case, in the opinion of the court, makes a repetition of the same superfluous.

*Rockwell & Pasco*, attorneys for plaintiffs in error.

*Mat. H. Carpenter*, attorney for defendant in error.

*By the Court*, SMITH, J. This was an action of assumpsit brought in the Circuit Court of Rock county. The declaration was in the usual form containing all the money counts, with a notice indorsed thereon, that two promissory notes would be given in evidence on the trial, which constituted the cause of action for which the suit was brought, a copy of which was indorsed on the declaration, as follows, viz:

"$88.76.

By the first day of January, eighteen hundred and forty-nine, I promise to pay to Joseph Moore or bearer, eighty-eight dollars and seventy-six cents, for value received with use." Dated, Ontario, April 26, 1846, and signed by the plaintiff in error.

Also another note, a copy of which is as follows:

"$30.                                                   Ontario, May 8, 1846.

Two years after date I promise to pay Joseph Moore or bearer, thirty dollars with interest, for value received. .

(Signed),   " E. F. PECK."

The defendant pleaded the general issue, and to avail himself of the statute of limitations, pleaded " non assumpsit infra sex annos," to which special plea the defendant in error replied, that on the first day of January, A. D. 1854, the plaintiff was indebted to one Joseph Moore, in the sum of three hundred dollars, upon the said notes, and being so indebted, then and there, in consideration thereof, undertook and faithfully promised to pay the said Joseph Moore, the said three hundred dollars, &c., and concluding with a verification, to which replication the plaintiff in error demurred, and assigned the following causes of demurrer:

" 1. That the replication was a departure from the declaration in this; that the promise is alleged to a person different than the plaintiff, and not for the benefit of the plaintiff.

" 2. That the replication shows no interest in the plaintiff when the suit was commenced.

"3. The replication should take issue and conclude to the country; and

"4. The replication shows a promise different from the one in the declaration as to time."

At the June term of the said Circuit Court, the demurrer aforesaid was overruled, with leave to enjoin upon the payment of ten dollars costs; to which ruling the plaintiff in error excepted and refused to enjoin. The plaintiff below then offered in evidence the two notes, a copy of which is above given; to the introduction of which, objection was made, overruled, and exception taken. The notes were read in evidence, upon which evidence the case was submitted, and judgment was rendered in favor of the defendant in error for the sum of one hundred and

ninety-two dollars; to reverse which, this writ of error is brought.

At this period, it would ill comport with the courtesy of counsel, or the dignity of the court, to ask or permit the principle decided in *Cooper vs. Blood* (2 *Wis. Rep.* 62) to be again called in question. That case has been carefully re-examined, and after the fullest consideration of all the authorities and statutes, to which we have been referred, or have been able to find, and a review of the principles on which that decision was based, we are entirely satisfied that the conclusions to which we then arrived are correct, and they must henceforth be considered as no longer open to discussion in this court. The practice then adopted, opens up the subject matter of litigation between the respective parties, to the most searching and ample adjudication; and not only can no harm result from the practice there pointed out, but the course of justice is left altogether unobstructed, and its agencies untrammeled. It is unfortunate, if in attempting to penetrate to the heart of the tree, we chance to "stick in the bark." That point of practice will, therefore, be considered as settled, and no longer open to discussion; hence the objection on the ground of departure, need be no further considered.

Nevertheless, this case must turn upon the pleadings which the attorneys have seen fit to interpose, and which the counsel in this court think proper to sustain; nor will it be difficult, in view of the precise logic of legal pleading, to determine the questions raised thereby.

In legal effect, the plaintiff below declared upon the above two promissory notes severally, in separate counts.

The giving or service of a copy of these notes, with a notice that they were the only cause or causes of action, was equivalent to the insertion of special and several counts upon them, each respectively.

The statute of limitations, to avail the party, must be pleaded. The court will not otherwise take notice of its application to the case. It is a defence which may be met and obviated in several ways, such as a new promise to pay the debt, made within the time limited by the statute; and sometimes absence of the defendant from the state or jurisdiction, &c.; hence, it is manifestly just and proper that the party intending to avail himself of

the statute, should apprise his adversary of such intention by the appropriate plea. Such plea is either *non assumpsit infra sex annos*, or *non accrevit infra sex annos*, according to the form of the declaration, and the nature of the action or defence ; the latter being the proper one in all cases where the cause of action does not accrue on the making of the promise. As the statute begins to run on the accruing of the cause of action, and as such cause of action is the breach, and not the making of the promise, in cases of this kind, it is wholly immaterial whether the promise was made within six years or not. The time of the breach is the material fact, because from it the cause of action accrues, and the statute begins to run. Hence, in a case like the present, the plea *non assumpsit infra sex annos*, is wholly immaterial. It should have been *non accrevit*. The demurrer of the defendant below reached back to his own plea, and was fatal to it. 2 *Saund. Pl. & Ev.* 642, 645.

It was conceded on the argument that according to the ordinary rules of pleading, this plea of *non assumpsit infra sex annos* is bad ; but it is contended that the case of *Pritchard vs. Howell* (1 *Wis. Rep.* 131), establishes a new rule of pleading ; and was contended that, no matter what the form of the pleading, if the court could perceive from the record, *in any way whatever*, that the action might be barred by the statute, the suit should be dismissed. To sustain this position, the language of the court in *Pritchard vs. Howell*, was relied upon, which is as follows: " It is therefore the duty of the court to yield obedience to its (the statute's) mandate, *and when informed by the pleadings*, of a demand attempted to be enforced, the prosecution of which is prohibited by the law, no efforts at evasion of the law should be made or countenanced. *Pritchard vs. Howell*, 1 *Wis. Rep.* 138.

It is difficult to conceive how any one could be misled by this language, or mistake its import. The court distinctly say: " when informed by the *pleadings* of a demand," &c., " no effort at evasion should be made or countenanced." There is not the slightest intimation that the rule of pleading was to be changed or disregarded. On the contrary, the language clearly implies that the court must be informed of the nature of the demand *by the pleadings*, and will be informed in no other mode. The term " pleadings," has a well known signification in the law.

Peck vs. Cheney.

To be competent to inform the court, the plea must be in legal form and good in substance, otherwise it conveys no information in a legal sense, and may be disregarded. Of course we do not refer to pleas which are defective in form merely, and whose defects are cured by verdict, or are only to be noticed upon special demurrer. It is known to every professional gentleman, that the only mode of informing the court of the operation of the statute of limitations upon any claim in suit, is by pleading the statute specially; and if it be not properly pleaded, the court is not informed of its application to the case at bar. The idea intended to be conveyed, and which is expressed in the case before referred to, is obvious, viz: that the usual and recognized forms of pleading under the statute of limitations will be insisted upon, and when the court is thus duly informed by the pleadings of the operation of the statute, it will be enforced without any effort to evade its consequences.

In the opinion given in the case of *Pritchard vs. Howell,* all the efforts at evasion alluded to, had reference to the nature and amount of evidence requisite to take a case out of the statute. There was no question of pleading raised in the case; and while the court so strongly intimated its determination to enforce the statute in all its strength and scope, it was careful to intimate that it would adhere to the recognized forms of pleading, and would require to be, in that manner, " informed " of the operation and applicability of the statute to the particular case. The court will not undertake to search through any mass of loose or miscellaneous manuscript, in order to be informed of the nature of a cause of action or defence, but will require such cause of action or defence to be submitted in due and legal form, and from such *pleadings,* so submitted, the court derives its information of the allegations of the parties in regard to their respective rights, and is enabled to apply the law to the facts as they may be alleged and ascertained.

Judgment affirmed with costs.