HOWELL and others vs. HOWELL and others.

January Term,
1862.

HOWELL et al.
v.
HOWELL et al.

By the statutes of 1849, bills for relief in cases of trust not cognizable in courts of common law, were required to be filed within ten years after the cause of action accrued. A similar limitation is contained in the Revised Statutes of 1858.

The decision in *Parker vs. Kane*, 4 Wis., 1, that an action may be barred by a statute of limitations passed after the cause of action accrued, if a sufficient and reasonable portion of the term of limitation within which the bill might have been filed, remained after the enactment of the statute, is cited and followed.

Where one partner bought land with partership funds without the consent of his co-partner, and had the conveyance made to a third person, who took it with knowledge of the facts, a cause of action accrued immediately to the co-partner.

It is not necesssary that there should have been, in such a case, a denial of the trust, before the statute of limitations would begin to run. That doctrine is applicable only to express or acknowledged trusts, where the trustee has afterwards repudiated the rights of the *cestui que trust*, and set up a claim to the trust property in his own right, and not to those implied or equitable trusts which spring from the originally wrongful and fraudulent act of the party to be charged, and which have never been recognized or admitted by him.

The word "answer," in sec. 1, chap. 138, R. S., 1858, is used in a general sense so as to signify any pleading by which an issue either of law or of fact is made or tendered on the part of the defendant.

The defendant may avail himself of the statute of limitations on demurrer to the complaint, if it appear upon the face of it that the statute bar was complete before the action was commenced, and if that is one of the causes of demurrer assigned.

f it does not so appear on the face of the complaint, the defendant must answer, stating the facts which show him to be within the protection of the statute. He cannot, as in other cases of an insufficient statement of the cause of action, take the objection upon general demurrer, or upon the trial, it being omitted in the answer, or after default.

Where, owing to intervening facts, the action has not been barred, and the plaintiff relies on showing them for the purpose of taking the case out of the statute, it would *seem* that he should be required to state them in his complaint.

APPEAL from the Circuit Court for *Jefferson* County.

The complaint in this action alleges that in May, 1847, William Howell and his brothers *Walter* and *Robert* entered into a partnership in a general mercantile business in the state of New Jersey; that William put into the business $2500, *Walter* some amount which the plaintiffs are unable to state, and *Robert* put in no money or property; that in May,

January Term, 1848, *Robert*, with the consent of *Walter*, but in the absence
of William and without his consent, sold all the partnership
property for about $2000, (which was much below its value,
and less than the individual interest of said William there-
in), and removed to Wisconsin, and immediately on his ar-
rival bought with a portion of said money, a tract of land
described in the complaint, which he caused to be conveyed,
on the 15th of June, 1848, to the defendant *Henry S. How-
ell*, who paid no consideration for it and took the title with
the full knowledge of all the facts above stated; that at the
time of the sale of the partnership property, the firm was
indebted to William Howell for the capital which he had put
into the business, besides his share of the profits which had
been made; and that in the year 1862, William advanced
$500 more in full discharge of the debts of the firm; that
said *Robert* and *Walter* have always refused to account for
the assets of said firm; and that the plaintiffs are the infant
children and the widow of said William, who died intestate
on the 3rd of November, 1858.   Prayer, that the interest of
the plaintiffs in said land may be declared by the judgment
of the court, and that said *Henry* be required to convey said
land to them according to their respective interests, &c., and
for general relief.

The defendants demurred to the complaint, assigning,
among other reasons, that it appeared on the face of the com-
plaint that the plaintiffs' claims were barred by the statute
of limitations.   The court sustained the demurrer.

*John Winans*, for appellants, contended that the question
whether the action was barred by the statute of limitations
could not be raised by demurrer, but by answer only (R. S.
1858, p. 818, sec. 1; *Lefferts vs. Hollister*, 10 How. Pr. R.,
383; *Butler vs. Mason*, 16 id., 546; 24 Barb., 150); that
when partners buy real estate with partnership funds, but
not for partnership purposes, it is held to be a withdrawal of
so much of the capital stock, or a diversion of the profits
*pro tanto* between them, and they hold the real estate not as
partners but as tenants in common, (Bisset on Part., 56; 4
Mass., 429; 11 id., 459); and that the statute of limitations
does not apply as between tenants in common, except in case

of an actual ouster, nor in case of a trust unless the trust is denied. 3 Wis., 699; 8 id., 289.

*Gill, Barber & Fribert*, for respondents, insisted, among other things, that the only remedy one partner has against another for a supposed balance in his favor, is to ask and obtain a settlement of *all* the partnership transactions; citing 9 Wis., 268; Coll. on Part., §§ 264, 318, 320; Story on Part., 221, 348, and notes; 2 La., 10; 1 Dev. & Bat. Eq., 524, 553.

*By the Court*, DIXON, C. J. It is unnecessary for us to determine whether this action can be sustained without an accounting and settlement of the affairs of the firm of Howell & Co., or to consider the condition of the lands with reference to the partnership, since, assuming the action to be maintainable in its present form, we are still of opinion, upon the facts stated in the complaint, that it is barred by the statute of limitations. The counsel for the appellants conceded at the argument, if an accounting was to be had, that their remedy was cut off by the statute, but seemed to suppose, if that was unnecessary, that the proceedings to enforce the implied trust arising from the application of William Howell's money to the purchase, was still open, on the ground that the trust had never been denied. We think he is mistaken in the application which he seeks to make of the doctrine of *Sheldon vs. Sheldon*, 3 Wis., 699. The cause of action accrued in June, 1848, when the land was purchased, and consequently more than ten years had elapsed before the decease of William Howell, which was in November, 1858. By the statutes of 1849 (sec. 26, chap. 127), bills for relief on the ground of fraud were required to be filed within six years after the discovery of the facts, and in case of the existence of a trust not cognizable by the courts of common law (sec. 27), within ten years after the cause thereof accrued. Similar limitations are contained in the present Revised Statutes, chapter 138, sections 16, 22. In *Parker vs. Kane*, 4 Wis., 1, it was held that though the statute was not in existence at the time the cause for filing the bill accrued, yet as a sufficient and reasonable portion of the term of limitation within which the bill might have been filed, remained after

the enactment of the statute, the action was barred. See also *Smith vs. Packard*, 12 Wis., 371. It follows that the cause of action set forth was barred in the lifetime of William Howell, unless, as counsel supposed, it was necessary that there should have been a denial of the trust before the statute would begin to run. But that doctrine is applicable only to express or *acknowledged* trusts, where the trustee has afterwards repudiated the rights of the *cestui que trust*, and set up a claim to the trust property in his own right, and not to those implied or equitable trusts which spring from the originally wrongful and fraudulent acts of the party to be charged, and which were never recognized or admitted by him. It was of such express or acknowledged trusts that the court was speaking in the case referred to, and it would be as absurd to apply that doctrine to these implied trusts, as it would be to apply the ten years' limitation to those where a denial of the trust has never taken place. It would be to abrogate the statute of limitations altogether in actions of this nature, or to say that it was not intended to apply to them; for as the party to be charged has no occasion to deny the trust until called upon to execute it, which is usually done by action, and as this might be delayed until after the expiration of the ten years, so it might be postponed for an indefinite period in the future. This was clearly not the intention. The trust in such cases originates in a fraud, which is in itself as complete and absolute a denial of the rights of the injured party as it is possible to have, and every day which passes without reparation of the injury is a continuation or repetition of it. William Howell might have commenced his action the moment the land was purchased, and consequently it was barred before his death.

The statute of limitations is one of the grounds assigned in support of the demurrer, and that the defendants may avail themselves of it in this way, is also questioned by counsel. At the common law it was, in general, necessary to plead it specially (1 Chit. Pl., 479, 481, 498, 506; 4 Wis., 249), but in equity advantage might be taken of it by demurrer, whenever the objection appeared on the face of the bill. Story's Eq. Pl., §§ 484, 503, 751. Mr. Van Santvoord

gives it as his opinion that under the Code the defendant may in all cases demur whenever it appears on the face of the complaint that the plaintiff's claim is barred by the statute, on the ground that the complaint is defective, as showing a state of facts constituting no cause of action. Van Sant. Pl., 268-9, 688-9. It is not improbable that he is correct in this position. At all events, as this is a proceeding in equity in which, according to the old practice, the demurrer would have been well taken, we think it to be so now.

Order affirmed.

A motion for a rehearing was disposed of by the following opinion.

*By the Court,* DIXON, C. J. The appellants ask for a rehearing, on the ground that we erred in holding that the defendants could avail themselves of the statute of limitations on demurrer to the complaint, upon the face of which it appeared that the statute bar was complete before the suit was commenced, and that was one of the causes of demurrer assigned.

Their counsel thinks we must have overlooked section 1 of chapter 138, R. S., which declares that "the objection that the action was not commenced within the time limited, can only be taken by answer." We have carefully examined the question, and are still of the opinion that the decision was correct. This provision came with the Code, in which the word *answer* is frequently used in a general sense, so as to signify any pleading by which an issue, whether of law or of fact, is made or tendered on the part of the defendant. It is thus employed more than once in section 27, chapter 132, R. S. Section 7, chapter 133, and sections 2, 3, and 5, chap. 124, are likewise instances of this general use of the word. We think, with Mr. Van Santvoord, that it is used in this enlarged sense in the section referred to, and includes a demurrer when that form of pleading is properly applicable to the case. It would certainly be very unphilosophical to say that the defendant, in order to take advantage of the facts stated in the complaint, which he desires neither to contest nor qual-

January Term 1862.

Howell et al.
v.
Howell et al.

March 15.

ify, but to admit, must repeat them in his answer and then insist that they constituted no cause of action against him. An answer, in its strictest sense, cannot be so framed. It would not comply with the requirements of the statute, R. S., chap. 125, section 10. It would be neither a specific nor a general denial of the material allegations of the complaint, nor a statement of new matter constituting a defense or counter claim. It would be nothing more nor less than a new and most anomalous form of demurrer. A demurrer, in its more liberal sense, is an answer in law to the complaint, and has so been held. *New Jersey vs. New York*, 6 Peters, 323. We think therefore that the word " answer," in the statute before us, was used not in its technical, but in its more liberal sense, and that it includes a demurrer in cases where it appears upon the face of the proceedings that the action was barred before it was commenced. The effect, then, of the provision is, to require the defendant, in all cases where he relies upon the bar of the statute, to say so, and by his pleading to apprise the plaintiff within the time prescribed by law for answering. If the objection appears from the complaint, he may demur, assigning that as the ground. If does not so appear, he must answer the facts showing himself to be within the protection of the statute. He cannot, as in other cases of an insufficient statement of the cause of action, take the objection upon general demurrer, or upon the trial, it being omitted in the answer, or after default. He waives it unless made the specific ground of defense in his *answer*, whatever may be the more strict or technical name of that pleading. Such we believe to have been the real motive for the introduction of this provision.

This view is corroborated by what is deemed the true principle upon which an action may be sustained, on the foundation of a new promise, where the original cause has once been barred by the statute. It is, that the plaintiff does not sue upon the old cause of action, which is barred and gone, but upon the new promise, treating it as a new contract, springing out of and supported by the original consideration. *Van Keusen vs. Parmerlee*, 2 Comstock, 523. This is in accordance with the settled doctrine of this court.

We have frequently held that the lapse of time which barred the remedy carried with it the right, and that the legislature cannot, by reviving the former, open the doors of litigation so as injuriously to affect the latter, against the will of the person whose title has once been thus confirmed. It is an unconstitutional interference with vested rights of property. *Knox vs. Cleveland*, 13 Wis., 245, and cases there cited. There is, therefore, in such cases no inconsistency, but the most substantial reason for requiring the plaintiff to set up the new promise. It is his real cause of action. More especially would this seem to be the case now, since the statute declares that "no acknowledgement or promise shall be sufficient evidence of a *new* or continuing contract * * unless the same be contained in some writing signed by the party to be charged thereby." R. S., chap. 138, section 37.

And in other cases, where, owing to intervening facts and circumstances, the action has not been completely barred, and the plaintiff relies on showing them for the purpose of taking it out of the operation of the statute, it would seem very consistent and proper that he should be required to state them in his complaint.

The motion must therefore be overruled.