## Case No. 10,288.

### In re NOESEN.

[6 Biss. 443; 12 N. B. R. 422; 7 Chi. Leg. News, 419; 1 N. Y. Wkly. Dig. 125; 2 Cent. Law J. 570; 7 Leg. Gaz. 297.] [1]

District Court, E. D. Wisconsin. Sept., 1875.

BANKRUPTCY—LIMITATIONS—PROVABLE DEBT.

In Wisconsin, a demand barred by the statute of limitations is not provable against the estate of a bankrupt.

[Cited in Nicholas v. Murray, Case No. 10,-223.]

[In the matter of Theodore Noesen, a bankrupt.]

G. W. Foster, for petitioning creditors.
E. S. Turner, for bankrupt.

DYER, District Judge. The single question here presented is, whether a claim barred by the statute of limitations of the state of Wisconsin, is provable in bankruptcy. The question arises upon a contest between the petitioning creditors and the debtor, the latter seeking to defeat the petition on the ground that one-fourth in number and one-third in amount of creditors holding provable debts against him have not joined in the petition. To support this claim he interposes demands against himself in favor of his father-in-law, on their face barred by the statute of limitations.

The bankrupt act [of 1867 (14 Stat. 517)] provides that a petition for adjudication must be made by one or more of the debtor's creditors, who shall constitute one-fourth thereof, at least, in number, and the aggregate of whose debts provable under the act amounts to at least one-third of the debts so provable. Is a demand barred by the statute of limitations of this state, a debt owing by the bankrupt and provable under the act?

In England the question has been put at rest by adjudications, that a debt, the recovery of which by action may be defeated by a plea of the statute of limitations, cannot be proved in bankruptcy. Ex parte Dewdney, 15 Ves. 479; [In re Clendening, 9 Ir. Eq. (N. S.) 284; 1 Christ. Bankr. 221].[2]

Four cases are reported in volume 1 of National Bankruptcy Register Reports, which I proceed to notice. In Re Kingsley [Case No. 7,819], one of the questions was whether a debt barred by the statute of limitations of the state of Massachusetts, where the bankrupt then resided, and where the proceedings were had, but not barred by the statute of limitations of Vermont, where the creditors resided and where both parties resided when the contracts were made, could be proved against his estate in bankruptcy. Upon a full discussion of the question, Judge Lowell decides that a debt barred by the statute of

limitations of the state where the bankrupt resides, cannot be proved against his estate in bankruptcy. The decision is made to rest upon the English authorities, and upon the principle that statutes of limitations are remedial, and that after the lapse of the statutory period for bringing actions, payment must be presumed. It must, however, be observed, that in this case the question was, whether the claim could be proved, not whether it was provable. Judge Lowell says: "There can be no doubt that this is a provable debt, and that it will be discharged by the certificate if the bankrupt obtains one. All debts which by their nature are provable, are discharged, whether they in fact could be proved or not. * * * Because this debt is provable, it does not follow that it can be proved. The question is whether it is a debt at all. * * * Applying the law of the forum, I find as a presumption of law, that this provable debt has been paid." Thus a distinction is taken between a provable debt and a debt which, though provable cannot be proved. So that it will be seen this case is not an authority fully applicable to the question we have here, for the point here is. Is such a debt provable?

In Re Hardin [Case No. 6,048], Judge Fox, following Judge Lowell, holds that a debt barred by the statute of limitations of Maine, where the bankrupt resided, could not be proved against his estate in bankruptcy by a creditor resident in another state. He says: "I have no doubt that for the purposes of the discharge, these demands are to be considered as provable debts, and that if the bankrupt obtains his discharge, he will be protected against them, that his discharge will operate against them. Such demands are of a provable character, but are no longer 'due and payable' within the meaning of the act, because the law of the forum designated by congress for the adjudication of the matter, presumes they are paid, and a paid demand no longer exists as a provable legal cause of action against the debtor."

In Re Shepard [Case No. 12,753], Judge Hall, adopting the view of Judge Blatchford, in a case which will be next noticed, holds that a debt barred by the statute of limitations of the state in which the bankrupt resides, may still be proven against his estate in bankruptcy. The principles he invokes are, that a debt against which the statute of limitations has run, is still a debt; that the operation of the statute does not extinguish the debt, but only affects the remedy, and that statutes of limitations have no effect beyond the territorial limits of the state enacting them.

In Re Ray [Case No. 11,589], Judge Blatchford gives to the question an elaborate examination. Conceding the rule in England to be as stated, he makes a distinction between the English statute of limitations and the statutes of limitation in the American states. He says: "The English bankruptcy law is co-extensive as to territorial operation with

---

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 1 N. Y. Wkly. Dig. 125, contains only a partial report.]
[2] [From 12 N. B. R. 422.]

the English statute of limitations. The bankrupt act of the United States operates in all the states as well as in New York. Under these circumstances, I think," he says, "that a debt, to be barred by limitation so as not to be provable under the bankrupt act as not being due and payable, must be shown to be barred throughout the United States." Referring to the statute of limitations of New York as applicable to simple contracts, and which is identical in language with the Wisconsin statute, Judge Blatchford holds it to be a statute affecting the remedy only and not the contract, and says it could never be "invoked as a bar to an action in another state" on the contract. He says further in his opinion, that "a complaint setting out a cause of action which appears to have accrued more than six years before the action was commenced, is not objectionable on its face or open to a demurrer. The defense of the limitation must be set up by answer. If it is not so set up, it is waived." Recognizing the distinction between a law which extinguishes the contract as the result of limitation, and a law which simply limits the time within which an action may be commenced upon the contract, and holding that a law of the latter character cannot be invoked as a bar to an action on it in any other country, he construes the statute of New York as not barring the debt and as not affecting the contract, but as merely reaching to the remedy, and so concluding that a debt is provable in bankruptcy unless barred throughout the United States.

Thus it will be seen from these decisions that the question turns upon the point as to whether the effect of the statute is to destroy the contract and extinguish the liability, or merely to affect the remedy on the contract. Without considering the distinction taken by Judge Blatchford on the English decisions, upon which he concludes that a debt must be barred throughout the United States so as to make it a debt not provable under the bankrupt act by reason of limitation, it is sufficient to say that the courts of this state place upon the statute of limitations a construction radically different from that given by Judge Blatchford. To illustrate: Although the statute of Wisconsin, like the statute in New York, requires that the defense of the statute of limitations must be set up by answer, the supreme court of this state have held, that where it appears upon the face of the complaint that the plaintiff's claim is barred by the statute, the objection may be taken by demurrer, and that in such case the demurrer is an answer within the meaning of the statute. Howell v. Howell, 15 Wis. 55. See, also, New Jersey v. New York, 6 Pet. [31 U. S.] 323.

Further the supreme court of this state have held in Brown v. Parker, 28 Wis. 22, that the lapse of time fixed by the statute of limitations of this state, as to parties residing therein, does not merely affect the remedy, but extinguishes the right, and that this applies to contract debts as well as to the title to property. This is a very strong case, and one in which Justice Dixon elaborately reviews the law on the question, holding that under the statute the debt by lapse of time becomes a nullity, and as if no debt or promise had ever existed. The result of this decision upon the facts of the case was, that where a note made in this state, of which the maker and holder were residents, had been barred, and the debt thus extinguished (by the law of this state as interpreted by its courts), and the note was then sued upon in a court of Illinois, the defense upon the lex loci contractus, if set up there, would have been good, and a judgment upon such note entered in Illinois by confession upon warrant of attorney, was relieved against. The principle that, as to parties residing in this state, the statute of limitations does not affect the remedy only, but directly extinguishes the right after the statutory period has elapsed, was also settled in this state in Sprecker v. Wakeley, 11 Wis. 432, and Knox v. Cleveland, 13 Wis. 245. Now, it is a settled principle that the lex fori must prevail as to statutes of limitation. "The federal courts sitting within the respective states, regard their statutes of limitation, and give them the interpretation and effect which they receive in the courts of the state." In re Cornwall [Case No. 3,250]; Shelby v. Grey, 11 Wheat. [24 U. S.] 361; McClung v. Silliman, 3 Pet. [28 U. S.] 270; Green v. Neal's Lessee, 6 Pet. [31 U. S.] 291; Ross v. Duval, 13 Pet. [38 U. S.] 45. Giving to the statute of limitations of this state the interpretation placed upon it by the courts of the state, I must hold that as the parties are residents of this state, the demands in question, being barred by the statute, are extinguished, and are therefore not provable claims against the estate of the bankrupt. They are as if they had never existed.

The views I have expressed are, I think, strongly sustained by Judge Woodruff in Re Cornwall [supra].

NOTE. The statute of limitation is in Wisconsin a bar to the recovery of any dividend paid more than six years previous to the commencement of the suit: the statute commences to run when the misapplication is made. Main v. Mills [Case No. 8,974].

[Contra, BLODGETT, District Judge in Re Reed [Id. 11,635], held that the defense of the statute of limitations should be allowed to the claim of a creditor seeking to prove his debt in bankruptcy, wherever that defense might have been made in a suit in the state where the debtor resides.][8]

---

[8] [7 Chi. Leg. News, 419.]