Granger, C. J.
It is plain that the “ imprimis ” pq^ragraph of the will clothed Charles with a complete estate in fee simple, with full power to “ dispose ” of any part, or of the whole, and 'to apply the proceeds" as directed "by the will. The appointment as executor by paragraph “secondly” and the words in paragraph, “thirdly,” — “it being my intention to vest full and complete power in my said son, Charles Percy Smith, as trustee and executor as aforesaid, to sell or dispose of all or any part of my estate during his continuance as trustee and executor ” do not, in cur opinion, lessen or qualify the estate and power devised by the “ imprimis ” paragraph. As no bond was required, either as trustee or executor, it would be unreasonable to suppose that the fee simple was to be dependent upon the continuance of the devisee in the office of executor. These words *374 do not form a part of either clause granting estate or power; they are a recital of intent. Although the word “ and ” couples “ trustee ” with “ executor ” a fair construction, in view of the clear provisions of the granting paragraph, will read “and” in the sense of “or,” or will insert “respectively” next after “executor”; or will hold that the trusteeship was the office essential to the power. The appointment and qualification as executor might facilitate the collection of claims and the settlement of accounts, but it added nothing to the power to sell and convey devised to the trustee. Circumstances might make it convenient to leave the collection of the estate to the widow and William, while Charles retained the power of disposition.
Holding the. fee simple with power of disposal Charles needed no authority from any court to sell and convey the Ohio lands. The certified copy of the will and probate had been duly admitted to record in Knox county and his title and power as trustee thereby fully vested.
But it is urged that his resignation accepted by the Mississippi court deprived him of power to convey.
Having once accepted the trust the beneficiaries became entitled to his services. If they were all competent to contract he could be released by mutual agreement. A court of general jurisdiction having all parties in interest before it, might discharge him in a proper case. Where the state has by suitable legislation given express power to any court upon an ex parte application to accept a resignation and appoint a successor, and the statute provides for a transfer of title and powers, a trustee may be released by order of such court. Upon this the authorities are agreed. See Perry on Trust, sec. 274, and cases there cited.
No legislation had clothed the orphans’ court of Adams county, Mississippi, with such powers, and we think its order did not affect the title, or power, of Charles as a trustee.
It is further urged that by force of paragraph “ thirdly ” in the will, the title and power passed to William, because the instrument of resignation was a refusal to act under the *375 will. The events whose occurrence would so transfer the trust were 1, death of Charles; 2, his refusal “to take upon, himself the execution of the will.” He continued to live and he did “ take upon himself the execution of the will.” So far as concerned the trusteeship he continued bound by that acceptance so long as he lived. Hence at the time of his sale and conveyance to Sprague and Davidson he had full power and complete title as trustee; his deed was valid. He faithfully transmitted the purchase money to his mother, the “chief executor,” and she properly accounted for it. It follows that the verdict and judgment in favor of McGugin et al. were right.
In the case against Hawn, the plaintiffs claim that so long as the title remained in a trustee the statute of limitations did not begin to run; that Mary Veazie was a married woman when William S. Smith died, and therefore her action is in time. But both principle and authority clearly establish the doctrine that where the legal estate is in a trustee competent to protect it, adverse possession will become a bar against him under the same circumstances that would bar one seized in fee in his own right, and that when an action by such a trustee is barred his beneficiary is also barred. See Llewellyn v. Mackworth, Barnardiston’s Ch. Rep., 449; Melting v. Leake, 32 Eng. Law & Eq., 442; Weaver v. Leiman, 52 Md., 709; Smilie v. Biffle, 2 Barr. (Penn.), 52.
Plaintiffs urge that Warden entered with notice of the auditor’s deed to Elijah Smith; of Smith’s will and of the trust created by it; that Warden (and all claiming under him) became constructively trustees and that the statute could not run in their favor because, although they claimed title, the beneficiaries had no actual notice of the claim. But this claim is unfounded. A similar claim has frequently been denied by the courts. See McClane’s Adm. v. Shepherd’s Ex., 21 New Jersey Eq., 79; Howell v. Howell, 15 Wis., 55; Manion’s Adms. v. Titsworth, 18 B. Monroe, 582. The text books on Trusts and on Limitations of Actions state these doctrines as settled and many other cases support them. In cases of constructive trusts the *376 statute may be pleaded successfully. We do not decide that Warden and his grantees were even constructively trustees. Upon an examination of the cases cited by counsel for the plaintiff in error, we find that they plainly recognize two very different classes of cases: — 1st, as between trustee and cestui que trust; and 2d, as between a third party and the trustee or his beneficiary. In the former the statute will not begin to run until an unmistakable disclaimer of the trust is known to a beneficiary competent to sue. In the latter the statute begins and runs in its ordinary manner. Under the agreed statement of facts Hawn’s defense of the statute was complete.
We think this case presents an example of the beneficial operation of the statute. We can well believe that when Elijah Smith acccepted a deed from Guión for 1,000 acres of the 2,400 conveyed to him by the auditor, he in some way re-conveyed to Guión the other 1,400 acres. Neither he, nor any of his heirs, who were old enough to know the facts, during the interval of forty years laid claim to that tract. We are satisfied with the judgments below, and they are affirmed.

Judgments below affirmed.