Powers vs. Powers.

## POWERS VS. POWERS.

| 28 | 659 |
|----|-----|
| 82 | 399 |
| 28 | 659 |
| 117 | ³439 |
| d117 | 441. |
| e117 | ³443 |

WILL—TRUST. PARTIES. (1) *Charge on lands devised—Devisee a trustee.* (2) *Right of action of cestui qui trust.* (3) *Proper parties to such action.*

1. A will, after devising certain lands to E. P., added, " And it is also understood that said E. P. is to pay or cause to be paid to O. P., within one year after my decease, the sum of $200." *Held,*
(1). That this provision created a charge upon the lands devised, for the payment of the $200.
(2). That the devisee, having accepted the land under the will, held it *in trust* for O. P. to the extent of the $200, with interest from the time the same became payable; and the proper circuit court had jurisdiction to enforce such trust.
2. After the year limited in the will, an action will lie in favor of O. P. against the devisee, not only to have any unpaid balance of the $200 declared a lien upon the land, but to enforce such lien by a sale of the land or a part thereof; and there is no misjoinder of causes of action in a complaint demanding such relief.
3. In such action, the executor (or, in this case the co-executor with E. P.) need not be joined as a party defendant, his interest in the land being only contingent, and not such as to be affected by the litigation.

APPEAL from the Circuit Court for *Fond du Lac* County.

The plaintiff, *Orlin W. Powers*, appealed from an order sustaining a demurrer of the defendant, *Enos R. Powers*, to his complaint. The grounds of complaint and demurrer are stated in the opinion.

*Gerrit T. Thorn* and *N. S. Gilson*, for appellant, argued that the legacy was an equitable charge on the land devised, although the devisee was executor or residuary legatee, the will not indicating a contrary intention (*Alcock v. Sparhawk*, 2 Vern., 228; *Elliot v. Hancock*, id., 143; *Harris v. Fly*, 7 Paige, 421; *Dodge v. Manning*, 11 Paige, 334; *Sands v. Champlin*, 1 Story, 376; *Bugbee v. Sargent*, 23 Me., 269; *Luckett v. White*, 10 Gill and J., 480; *Clyde v. Simpson*, 4 Ohio St., 445; *Nellons v. Truax*, 6 id., 97); that although the county court would have jurisdiction to compel the executors to pay a *general* legacy, with whose pay-

ment such executors are charged, that court has no jurisdiction of the present case, nor is Driggs, as one of the executors, a proper party thereto (R. S., ch. 94., sec. 35 ; ch: 97, secs. 33, 35 ; *Field's Appeal*, 36 Pa. St., 11 ; *Batchelder v. Batchelder*, 20 Wis., 453 ; *Saxon v. Barksdale*, 4 Desaus., 522 ; 1 Story's Eq. Jur., 602 ; 2 Roper on Legacies, 536) ; and that the averment that defendant holds the land devised to him, " in his own exclusive right " under the will, is sufficient, without any distinct averment that the estate has been settled, and defendant's portion assigned him by the county court.

*Gillet, Pier & Bass*, for respondent. [No brief.]

LYON, J. The complaint states that on or about the 20th day of April, 1868, Jonathan Powers, the father of the parties to this action, died testate; that his will was duly admitted to probate in the proper court, and the executors therein named, who were the defendant and one John J. Driggs, duly accepted the trust, qualified as such executors, and entered upon the duties as such ; and that these proceedings were had May 18, 1868.

The complaint sets out the last will and testament of the testator in full, from which it appears that he devised specific parcels of land to each of his children, including these parties, restricting their power of alienating the same until after the expiration of ten years from the time of his decease. Following such devise to the defendant, and in the same item or paragraph of the will, is the following provision: "And it is also understood that the said *Enos R. Powers* is to pay or cause to be paid unto my said son, *Orlin W. Powers*, within one year after my decease, the sum of two hundred dollars lawful money of the United States."

It is further alleged in the complaint, that the defendant has entered into the occupation and enjoyment of the lands thus devised to him, and holds the same in his exclusive right and for his sole use and benefit, by virtue of the devise thereof to him,

and that he accepted the same with the trusts annexed thereto, and subject to the liens and obligations imposed upon such lands by the will; and that the defendant has refused and neglected to pay said two hundred dollars to the plaintiff, except that he paid fifty-seven dollars thereof about April 26, 1869.

The relief demanded is, that such unpaid balance be adjudged a lien on the premises so devised to the defendant, and that the premises, or a portion thereof, be sold, and the plaintiff be paid out of the proceeds of such sale; also general relief is demanded.

The action was not commenced until after the expiration of more than two years from the death of the testator.

A demurrer to the complaint was interposed by the defendant, and the following grounds of demurrer were assigned:

"1st. Because it appears on the face thereof that the court had no jurisdiction of the person of the defendant or the subject of action.

"2d. That there is a defect of parties defendant in this, that John J. Driggs, mentioned in said complaint, is not joined as a party defendant in said action.

"3d. That several causes of action have been improperly united.

"4th. That the complaint does not state facts sufficient to constitute a cause of action."

This demurrer was sustained by the circuit court, and the appeal is from the order sustaining the same.

The order of the circuit court sustaining the demurrer is erroneous, and must be reversed.

I. The provision of the will which required the defendant to pay the plaintiff two hundred dollars within one year after the death of the testator, creates a charge upon the lands devised to the defendant, for the payment thereof. This proposition is abundantly supported by the authorities both in this country and in England. 2 Jarman on Wills, 533; *Harris v. Fly*, 7 Paige, 421; *Clyde v. Simpson*, 4 Ohio State R., 445; *Field's Appeal*,

36 Pa. St. (12 Casey) 11 ; *Nellons v. Truax,* 6 Ohio St., 97 ; *Sands v. Champlin,* 1 Story, 376 ; *Luckett v. White,* 10 Gill & J., 480.

II.   The defendant therefore holds the lands so devised to him in trust for the plaintiff, to the extent of the unpaid portion of the two hundred dollars, and interest thereon from the time the same became payable by the terms of the will. This action being to enforce the execution of such trust, the circuit court has jurisdiction of it.   1 Story's Eq. Jur., secs. 595, 602.

III.   Driggs, co-executor with the defendant, is not a neccessary party to the action.   His interest as executor is only a contingent interest ; is paramount to that of the parties ; and is entirely unaffected by this litigation.   This action may be likened to an action to foreclose a junior mortgage. In such case it is not necessary to make the prior mortgagee a party thereto.

IV.   There is no improper joinder of actions.  The objects of the action are to have the unpaid balance of the two hundred dollars, which, by the terms of the will, the defendant was directed to pay to the plaintiff, declared a lien and charge upon the lands devised to the defendant ; and to enforce payment thereof by a sale of such lands and an application of the proceeds of the sale to the payment of such balance.  These objects may well be accomplished in one action.   The case of *Luckett v. White, supra,* is authority for the practice pursued in this case.

Indeed, we do not perceive how the plaintiff could have divided his action.   Had he done so, it would be like the case of the owner of a mortgage who should bring one action to have his mortgage declared a lien upon the lands affected by it, and another action to obtain a sale of the mortgaged premises to satisfy his debt.   Such practice would be too absurd to be tolerated.

V.   It necessarily follows from these views that the order sustaining the demurrer to the complaint must be reversed, and the cause remanded with directions to the circuit court to overrule such demurrer.

*By the Court.* — So ordered.