Bostwick, Administrator, etc., Respondent, vs. Estate of Dickson, Apellant.

*January 14—April 6, 1886.*

*(1) Estates of decedents: Claims: Jurisdiction of county court. (2, 3) Express trusts: Limitation of actions.*

1. The county court has jurisdiction to examine and allow a claim for money alleged to be due from the estate of a decedent, even though such claim grew out of an express trust.
2. The statute of limitations has no application in the case of an express trust where there has been no denial or repudiation of the trust.
3. A penal bond recited that the obligor had bargained and sold to the obligee an undivided one half of certain lots and parcels of land, and the condition of the bond was that the obligor should account and pay over to the obligee one half of all sums received upon the sales of the lots of land sold by him from time to time, as such sales were made, and should, upon demand, convey to the obligee the undivided one-half of the lots which might be unsold at the time of such demand. *Held*, that the bond created an express trust, valid under subd. 5, sec. 2081, R. S.

APPEAL from the Circuit Court for *Rock* County.

The plaintiff, as administrator of the estate of Mary Bailey, deceased, presented to the county court of Rock county a claim against the estate of John P. Dickson, deceased. The claim was in the form of a petition or complaint, the substance of which will appear from the opinion. A demurrer was interposed to such complaint on the grounds (1) that it did not state facts sufficient to constitute a cause of action;

(2) that the county court had no jurisdiction of the subject matter of the action; (3) that the action was not commenced within the time limited by law; (4) that the claimant and his intestate had been guilty of such laches that the claimant was not entitled to any relief. The county court disallowed the claim, and the plaintiff appealed to the circuit court. That court reversed the judgment of the county court, and from its order or judgment entered accordingly the defendant estate appeals to this court.

*B. B. Eldredge,* for the appellant.

For the respondent there was a brief by *B. F. Dunwiddie,* attorney, and *John Winans,* of counsel, and oral argument by *Mr. Winans.*

The following opinion was filed February 2, 1886:

Cole, C. J. The only serious question in this case arises upon the statute of limitations. It is true the objection was taken on demurrer that the county court had no jurisdiction of the subject matter of the action; but this objection seems to be effectually disposed of by the decision in *Lannon v. Hackett,* 49 Wis. 261. It is said that decision is not in point, if, as plaintiff's counsel argue, the claim here grows out of an express trust, because the facts in the *Lannon Case* show that the claim there grew out of an implied or constructive trust. But this can make no difference. If the claim here is a subsisting one, for money due from the estate of John P. Dickson, the county court had full power to consider and allow it. The point is too well settled to admit of discussion.

It appears from the complaint that John P. Dickson, on March 3, 1858, executed to Mary Bailey (the plaintiff's intestate) a bond in the penal sum of $5,000. It is recited in the bond that Dickson had bargained and sold to Mrs. Bailey and received payment in full for the undivided half of the lots and parcels of land which were therein described.

The condition of the bond is that if Dickson, his executors, administrators, or assigns, shall faithfully and truly account to and pay over to Mrs. Bailey, her heirs or assigns, one half of all the sums received upon the sales of the lots of land sold by him from time to time, as said sales were made; and if Dickson should, upon the demand of Mrs. Bailey, her heirs, etc., make and execute to her a good and sufficient deed of warranty of all and singular the undivided one-half of the lots described that might be unsold at the time of such demand,— the obligation was to be void; otherwise to remain in full force. It is alleged in the complaint that Dickson during his life-time sold all the lots mentioned in the bond, and received the entire proceeds of the sales to his own use and profit. It is further alleged that the sum of $9,046.72 is due from the estate of Dickson to the estate of Mrs. Bailey as her share of the proceeds of these sales, including interest. Mrs. Bailey was a married woman when the bond was given, and so remained until the death of her husband, March 1, 1872. Dickson died April 25, 1884, and Mrs. Bailey April 30, 1884. It appears that Dickson commenced making sales in September, 1858, and continued to make them up to October 19, 1876, when the last lot was sold. Most of the sales were made within twenty years prior to his death, and within twenty years prior to the presentation of this claim against his estate.

It will be seen that the claim here is upon a sealed instrument, and the cause of action accrued within this state. Our state statute always has been to bar such a cause of action after twenty years from the time it accrued. Sec. 20, ch. 127, R. S. 1849; sec. 15, ch. 138, R. S. 1858; sec. 4220, R. S. 1878. The learned circuit court held that this provision saved the bar of the statute. But without stopping to consider whether or not that view of the case is correct, we are disposed to place our decision on another ground. We are clear in the opinion that the bond created an express

trust, and, as it does not appear that the trust was ever denied, the statute of limitations does not apply.

Our statute authorizes an express trust for the beneficial interest of any person, when such trust is fully expressed and clearly defined upon the face of the instrument creating it.   Subd. 5, sec. 11, ch. 57, R. S. 1849; subd. 5, sec. 11, ch. 84, R. S. 1858; subd. 5, sec. 2081, R. S. 1878.   This is the only formality prescribed for the creation of a valid express or active trust,— that it shall be fully expressed and clearly defined upon the face of the instrument.   The inquiry is, Is not that requirement fully met or complied with in the bond?   What is the trust created by it?   It seems to us perfectly obvious from the language used that Dickson had bargained and sold to Mrs. Bailey an undivided one-half of the lots described; had received full payment therefor; that he retained the legal title of her interest, and was to sell the lots for himself and Mrs. Bailey as an opportunity might offer.   When he made a sale, and should be called upon to account, he was to faithfully and truly account to and pay over to her one half of all sums which he should receive from sales made.   This was one duty which he agreed and undertook to perform for the interest of Mrs. Bailey.   It is very manifest that he was to give a conveyance to the purchaser, and render his services in making sales without charge to Mrs. Bailey, receive the proceeds, and account for one half of them.   Another duty which he undertook was to execute to Mrs. Bailey or her heirs a good and sufficient deed of warranty of an undivided half of all lots which were not sold at the time such conveyance was demanded.   This instrument creates an active trust, which is fully expressed and clearly defined as to how or for what purpose Dickson held the interest of Mrs. Bailey in the lots, the disposition he was to make of that interest, and how he was to account for her share of the proceeds.   As observed by plaintiff's counsel, the trust in the bond is more fully expressed and

more clearly defined than it was in the writing in *White v. Fitzgerald*, 19 Wis. 480, which was held to be a good and valid declaration of trust under the statute. Indeed, that case is perfectly decisive upon the point we are considering, unless it is overruled. But we are satisfied with the construction there given the statute, and are not disposed to change the decision. See, also, *Goodrich v. Milwaukee*, 24 Wis. 422. Consequently, as the object of the trust here was that Dickson should sell the lots in which he and Mrs. Bailey had an equal interest, and was to account for one half the proceeds to her, to that extent at least he was a trustee, and she was the *cestui que trust*.

In the case of an express trust the law is well settled that the statute of limitations has no application, where there has been no denial or repudiation of the trust. *Sheldon v. Sheldon*, 3 Wis. 699; *Howell v. Howell*, 15 Wis. 55; *Spear v. Evans*, 51 Wis. 42; 2 Perry on Trusts, § 863, and cases referred to in note 1.

It is further insisted that if the bond creates an express trust, then the acts of the parties, and all the circumstances, conclusively show a denial of the trust from the outset by Dickson, and an acquiescence in such denial by Mrs. Bailey. But we can see nothing in the complaint which warrants such a presumption or conclusion. It is true the amended complaint shows that Mrs. Bailey at the time of her death was, and had been for twenty-three years prior thereto, a resident of Janesville, where Dickson resided. But why she did not call upon him for an accounting before her death we are not informed. Possibly a trial will show that there had been settlements between them of a part or of all these transactions, or some valid reasons may have existed for her leaving the proceeds of the sales in his hands. We are left in the dark on these points, and it is idle to conjecture as to what the truth was. But we see no ground for holding that Dickson openly denied or repudiated the trust at any time.

Of course, the question arising upon the demurrer does not call for any expression of opinion as to the amount of the recovery, if any is had. If the complaint sets forth a claim of any amount against the estate of John P. Dickson, legal or equitable, which is not barred by the statute, the decision of the circuit court is correct, and must be affirmed.

It follows from these views that the order or judgment of the circuit court reversing the judgment of the county court is affirmed, and the cause is remanded for further proceedings in accordance with this opinion.

*By the Court.*—It is so ordered.

Upon a motion for a rehearing counsel for the appellant contended, *inter alia*, that even if the bond created an express trust, the statute of limitations is applicable because the plaintiff has a complete remedy at law for all sums received by Dickson on account of sales made by him. *Lockey v. Lockey*, Finch's Prec. Ch. 518; *Kane v. Bloodgood*, 7 Johns. Ch. 90; *Murray v. Coster*, 20 Johns. 576; *Farnam v. Brooks*, 9 Pick. 242; *Kennedy v. Baker*, 59 Tex. 150; *U. S. Bank v. Daniel*, 12 Pet. 32–56; *Wagner v. Baird*, 7 How. 234; *Badger v. Badger*, 2 Wall. 87; *Godden v. Kimmell*, 99 U. S. 201; *Appeal of Yorks*, 3 East. Rep. (Pa.), 587; *Partridge v. Wells*, 30 N. J. Eq. 176; Wood on Lim. sec. 200; Angell on Lim. sec. 178; *Marsh's Ex'rs v. Oliver's Ex'rs*, 14 N. J. Eq. 259. The cases of *Sheldon v. Sheldon*, 3 Wis. 699; *Howell v. Howell*, 15 id. 55; and *Spear v. Evans*, 51 id. 42, were cases of implied trusts as to which the plaintiffs had no complete remedy at law. To exempt a trust from the bar of the statute the question must arise between the trustee and *cestui que trust*, which is not the case here. *Lyon v. Marclay*, 1 Watts, 272; *Marsh's Ex'rs v. Oliver's Ex'rs*, 14 N. J. Eq. 259.

The motion was denied April 6, 1886.