116        323
117       ¹440
117       ¹444

BUTTLES, Appellant, vs. DE BAUN, Respondent.

*December 19, 1902—January 13, 1903.*

*Trusts and trustees: Limitation of actions: Pleading: Cause of action: Trustees by operation of law: Repudiation of trust: Estates of decedents: Title to cause of action.*

1. Trusts arising otherwise than by contract *inter partes,* trusts created by operation of law, whether implied, resulting, or constructive, and all trusts founded in contract having some of the elements of express trusts and properly referred to as such, though not belonging to that species of express trusts cognizable only in a court of equity, are subject to the statute of limitations.

2. A complaint alleged, among other facts, that defendant, acting as agent for plaintiff, sold land belonging to plaintiff and received the whole consideration, part of which defendant converted to his own use; that afterwards plaintiff consented to the retention of such sum on condition that defendant use it to pay a debt due by plaintiff to a third person. The complaint further alleged that such agreement of defendant was not kept, and that defendant at no time assumed any position inconsistent with being a trustee of such fund, but plaintiff failed to plead that the defendant had assented to the alleged agreement. *Held,* under the allegations of conversion, that defendant became a constructive trustee, or trustee by operation of law, and hence not within the judicial rule exempting express trusts from the operation of the statute of limitations.

3. In such case, the complaint further alleged facts showing that the conversion by defendant of the proceeds of the sale took place, and knowledge thereof was brought home to plaintiff, more than twenty years before the commencement of the ac-

tion. *Held*, that the use of the trust fund by the trustee for his own benefit, and in a way clearly inconsistent with the trust, was such a repudiation of the trust as brought it within the rule that the statute of limitations begins to run from the time when the repudiation of the trust is brought home to the person entitled to enforce it, and that therefore plaintiff's demand was barred.

4. In an action to recover a sum of money alleged to have been due plaintiff's husband, the complaint alleged that before the action was commenced he died leaving plaintiff "his only heir." *Held*, that the only way plaintiff could have become possessed of the cause of action was by a transfer thereof to her in the regular course of administration of her husband's estate, and no facts being alleged showing that such transfer ever occurred, a demurrer on that ground was properly sustained.

APPEAL from an order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

The following is the substance of the complaint: In 1873 plaintiff and defendant were married women living with their husbands, who were brothers, in Milwaukee, Wisconsin. Defendant's husband died in 1881. She is now the wife of James De Baun. At the time first mentioned defendant had a separate estate and was engaged in business on her own account. Plaintiff and her husband removed to Paris, France, in 1873, and there resided for about three years. At the time of such removal they owned real estate in Milwaukee, Wisconsin, to a considerable extent, which they left in charge of defendant and her husband as agents, with power to negotiate a sale of a portion thereof. Soon thereafter defendant exercised sole control over the premises, performing the service for the purpose of adding to her separate estate. During the time of such performance she negotiated a sale of the portion of the property mentioned, which was approved by plaintiff's husband and was consummated, the consideration, $2,700, being paid to defendant. She or her husband sent plaintiff's husband $1,700 of the money and retained the balance, assuming to own the same. Plaintiff's husband indicated to defendant assent to such retention upon condition of the

money being used to pay off a mortgage indebtedness owing by him to the Northwestern Mutual Life Insurance Company. Neither defendant nor her husband assumed any position thereafter inconsistent with their being trustees of the $1,000 fund, but they wholly failed to apply the same to the purpose of the trust. The husband died insolvent. Plaintiff collected of his estate on account of such fund $294.84. The balance is wholly unaccounted for. Plaintiff's husband died in 1884, leaving her as his only heir. As such, she owns the claim against defendant for the balance of said trust fund. She has no adequate remedy at law to recover the same.

The prayer of the complaint was for an accounting and for general relief and costs. Defendant, by her attorneys, demurred to the complaint: (1) For insufficiency; (2) because the action is barred by sec. 4227, Stats. 1898; (3) because it is barred by sec. 4222, Stats. 1898; (4) because plaintiff is not possessed of capacity to sue, in that the claim, if one exists, is in favor of the personal representatives of her husband, and no facts are alleged showing that it passed to plaintiff by assignment in the course of the administration of her husband's estate before this action was commenced. The demurrer was dismissed and plaintiff appealed.

For the appellant there were briefs by *Durant, Price & Cowen,* and oral argument by *Paul D. Durant.*

*Glenway Maxon,* for the respondent.

MARSHALL, J. The pleader attempted to set out a cause of action for an accounting by a trustee of an express trust,—that particular kind of an express trust that can only be dealt with in a court of equity, hence one not subject to statutes of limitations so long as there is no denial or repudiation of the trust. That the pleader failed to state facts sufficient to constitute such a cause of action is apparent from the most casual examination of the complaint. It states clearly that defendant and her husband, acting as agents for respondent's hus-

band, sold land belonging to him, receiving as the considera-
tion therefor $2,700, $1,000 of which they converted to their
own use.   They thereby became constructive trustees, trustees
by operation of law.   The cause of action for the wrong was
cognizable in a court of law, hence not within the judicial
rule exempting express trusts from the operation of the statute
of limitations.   All trusts arising otherwise than by contract
*inter partes,* trusts created by operation of law, whether im-
plied, resulting, or constructive, and all trusts founded in con-
tract having some of the elements of express trusts and
properly referred to as such, though not belonging to that
species of express trusts cognizable only in a court of equity,
are subject to statutes of limitations.   Perry, Trusts, § 865;
*Kane v. Bloodgood,* 7 Johns. Ch. 90; *Boyd v. Mut. F. Asso.
ante,* p. 155, 90 N. W. 1086, 94 N. W. 171.   True, the com-
plaint states that after the wrongful act of conversion men-
tioned in the complaint plaintiff's husband consented to the re-
tention of the money by the wrongdoers on condition of their
using the same when necessary in the payment of an indebted-
ness of plaintiff's husband to the Northwestern Mutual Life
Insurance Company, but does not allege that they agreed to
hold the same for that purpose.   It is alleged that they at no
time assumed any position inconsistent with their being joint
trustees of the fund, but that falls far short of alleging that
they agreed to hold the $1,000 as the property of plaintiff's
husband under an agreement to finally dispose of the same for
his benefit as suggested by him, that is, by applying the same
upon his indebtedness to the Northwestern Mutual Life In-
surance Company.   If they failed to do anything to change
their position as constructive trustees created by the conversion
of the $1,000, as alleged in the complaint, that would war-
rant the allegation that they "never assumed any position with
reference to the money inconsistent with their being joint
trustees thereof."   It follows that the demurrer based on the
statute of limitations was proper.

If it were a fact that the complaint sets forth a cause of action for breach of an express trust subject to be dealt with only in a court of equity, still the complaint shows that plaintiff's claim is barred by the six-year statute of limitations, as it appears that the trust was repudiated to the knowledge of plaintiff and her husband more than six years before the commencement of this action. In any event, a repudiation of the trust, brought home to the knowledge of the person entitled to enforce it, started the six-year statute of limitations running. *Williams v. Williams,* 82 Wis. 395, 52 N. W. 429; *Taylor v. Hill,* 86 Wis. 99, 56 N. W. 738. A use of a trust fund by the trustee for his own benefit, or in any way clearly inconsistent with the trust, and conclusively evincing a repudiation thereof, is a repudiation of the same within the rule above stated. The complaint before us shows that defendant or her husband, or both, used the money in question as their own twenty years or more before the commencement of this action, and that their wrongdoing was brought home to the knowledge of the plaintiff's husband as early as about 1881, setting the statute of limitations running which extinguished the claim long before this action was brought.

There is another insufficiency in the complaint, in this: The cause of action against defendant, or defendant and her husband, accrued to plaintiff's husband and passed upon his death to his personal representative, not to the plaintiff as heir. The allegation in the complaint that plaintiff, as sole heir of her husband, owns the cause of action, in connection with what precedes it, we look upon as a mere statement of a conclusion of law to the effect that by reason of plaintiff being the sole heir of her husband the cause of action passed to her upon his death. We cannot, by the aid of all reasonable inferences in favor of the pleading, gather any other meaning therefrom. The only way plaintiff could have become possessed of the cause of action was by a transfer thereof to her in the regular course of administration of her husband's estate, and no facts

are alleged to show that such a transfer ever occurred. Facts may sometimes be sufficiently alleged by stating the same according to their legal effect, but in this case there does not appear to have been any attempt to do that. The pleader did not allege that such proceedings were duly had subsequent to the death of plaintiff's husband, that she, as sole heir, became the owner of the cause of action against the defendant, or allege anything to that effect. Looking only to the pleading, it appears that plaintiff relies for a title to her pretended cause of action solely upon the fact that she is the sole heir of her husband.

For each and all of the reasons above stated, the demurrer to the complaint was properly sustained. Other reasons for the same result, assigned in the brief of counsel for respondent, we do not consider necessary to discuss or pass upon.

*By the Court.*—The order is affirmed.

