MERTON, Administrator, Respondent, vs. O'BRIEN and an-
other, imp., Appellants.

*March 21—April 17, 1903.*

*Trusts and trustees: Limitation of actions: Devise of land subject to
legacy.*

1. A trust is not exempt from the operation of the statutes of
   limitations unless it is an express trust and a technical and
   continuing one, cognizable only in a court of equity.
2. A mere devisee of land, subject to the payment of a legacy
   charged as a lien thereon, was not a trustee of an express trust,
   under subd. 5, sec. 11, ch. 84, R. S. 1858 (sec. 2081, R. S. 1878);
   and an action by the legatee to enforce the lien may be barred
   by the statute of limitations. *Williams v. Williams*, 82 Wis.
   393, so far as it holds to the contrary, overruled.

APPEAL from an order of the circuit court for Ozaukee·
county: JAMES J. DICK, Circuit Judge. *Reversed.*

This is an action in equity to enforce an alleged lien upon
certain real property. The complaint alleges that the plaint-
iff is the duly appointed and qualified administrator of the
estate of one Ellen Landers (born O'Brien), who died July
11, 1880, intestate, leaving issue, and that letters of admin-
istration were duly issued to him, as such administrator,
June 21, 1902, and that on the same day he was duly author-
ized by order of the proper county court to bring this action;
that said Ellen Landers was a daughter of one Thomas
O'Brien, who died December 12, 1876, having previously
made his will, which was duly admitted to probate by the
proper county court February 5, 1877, the terms thereof
being as follows:

"First. After the payment of my just debts and funeral
expenses, I give, devise and bequeath to my daughter Allie
Tracy, wife of John M. Tracy, the sum of four hundred dol-
lars.

"Second. I give, devise and bequeath to my daughter
Mary O'Brien, the sum of six hundred dollars.

"Third. I give, devise and bequeath to my daughter Ellen O'Brien, the sum of five hundred dollars.

"Fourth. I give, devise and bequeath to my son, *James O'Brien,* all my real and personal estate, the real estate lying in section 33, town 10 N. of range 21 and being about 83 acres, subject, however, to the payments mentioned in paragraphs first, second and third, and also subject to the full share due to my wife Ellen O'Brien, for her use during her natural lifetime. The support of my beloved wife, Ellen O'Brien, during her lifetime and the three payments mentioned above of fifteen hundred dollars shall be a lien on the real and personal estate hereby bequeathed to my son *James O'Brien.*

"Fourthly. I hereby nominate and appoint my wife Ellen O'Brien the executrix of this my last will and testament, and do hereby revoke any former will by me made, and I hereby authorize and empower her, to compound, compromise and settle any claim or demand which may be against or in favor of my said estate."

The complaint then alleges that the legacy of $500 given by the terms of said will to Ellen O'Brien, the plaintiff's intestate, has never been paid, but that the same is a valid lien on said land; that ever since the death of said Thomas O'Brien the defendant *James O'Brien* has been in possession of the lands named in said will, and has held and claimed the same by virtue of the terms of said will. Judgment is demanded that said legacy of $500, with interest, be declared a lien on the said devised lands, and that the same be sold to satisfy said lien and costs.

The defendants *James O'Brien* and *Hannah O'Brien* demurred to this complaint on the ground that the action was barred by the provisions of certain sections of the statute of limitations, to wit, subd. 4, sec. 4221, subd. 3, sec. 4222, and secs. 4234, 4251, R. S. 1878. Said demurrer was overruled by the circuit court, and the defendants *James O'Brien* and *Hannah O'Brien* appeal.

For the appellants there was a brief by *Timlin, Glicksman & Conway,* and oral argument by *Nathan Glicksman.*

For the respondent there was a brief by *Ryan, Merton & Newbury,* and oral argument by *T. E. Ryan.*

WINSLOW, J. The essential facts appearing from the complaint are, in brief, that the defendant *James O'Brien* in February, 1877, and more than twenty years before the commencement of this action, went into possession of certain lands which had been devised to him by his father, subject to the payment of certain cash legacies which were specifically made a lien thereon by the will, and that he has ever since remained in possession thereof, claiming ownership under said will; that one of said cash legacies was in favor of the plaintiff's intestate, and has never been paid; and that this action is brought to enforce the lien upon said lands created by the will. The sole question presented is whether the action is barred by the statute of limitations, and the respondent's contention is that the statute has never commenced to run, because the appellant *James O'Brien* has held the land as a trustee of an express trust, which has never been denied or repudiated. In support of this contention the respondent relies upon the cases of *Powers v. Powers,* 28 Wis. 659, *Severin v. Rueckerick,* 62 Wis. 1, 21 N. W. 789, and *Wier v. Simmons,* 55 Wis. 637, 13 N. W. 873, holding, in effect, that where one holds land subject to a charge thereon in favor of another, created by will or deed, he holds it in trust to the extent of such charge; and upon the cases of *Sheldon v. Sheldon,* 3 Wis. 699; *Howell v. Howell,* 15 Wis. 55; *Spear v. Evans,* 51 Wis. 42, 8 N. W. 20; *Bostwick v. Estate of Dickson,* 65 Wis. 593, 26 N. W. 549; *Fawcett v. Fawcett,* 85 Wis. 332, 55 N. W. 405, and *Williams v. Williams,* 82 Wis. 398, 52 N. W. 429, holding, in effect, that the statute of limitations has no application to the case of an ex-

press or acknowledged trust until there has been a denial or repudiation of the trust. It is frequently said in the authorities that in case of an express trust, as between trustee and *cestui que trust,* the statute of limitations does not apply. This language is not accurate, and may be very misleading. This court has had occasion very recently to carefully examine this question. *Boyd v. Mut. F. Asso.* 116 Wis. 155, 90 N. W. 1086, 94 N. W. 171. In that case the supposed express trust which was claimed to prevent the running of the statute of limitations concerned personal property alone. The trust relationship there claimed was that existing between officers of a corporation and its stockholders in the handling of the corporate property. This court then adopted Chancellor KENT's view, as given in *Kane v. Bloodgood,* 7 Johns. Ch. 90, to the effect that it cannot be held that all express or direct trusts are relieved from the operation of the statute, but only those express trusts which may be called "technical and continuing trusts, which are not cognizable at law, but fall within the proper, peculiar, and exclusive jurisdiction of this court"—i. e., the court of chancery. Again, in the later case of *Buttles v. De Baun,* 116 Wis. 323, 93 N. W. 5, which was also a case of an alleged trust in personal property, it was said:

"All trusts arising otherwise than by contract *inter partes,* trusts created by operation of law, whether implied, resulting, or constructive, and all trusts founded in contract having some of the elements of express trusts and properly referred to. as such, though not belonging to that species of express trusts cognizable only in a court of equity, are subject to statutes of limitation."

It must therefore be considered as settled in this state that a trust which is to be held exempt from the operation of the statute must be (1) an express trust and (2) a technical and continuing trust, cognizable only in a court of equity; and the question is whether such a trust is disclosed in the complaint before us.

The trust claimed is a trust in real estate. Our statute, as it existed when the will took effect (sec. 11, ch. 84, R. S. 1858; sec. 2081, R. S. 1878), limited express trusts in real estate to certain purposes, viz.:

"(1) To sell lands for the benefit of creditors; (2) to sell, mortgage or lease lands for the benefit of legatees, or for the purpose of satisfying any charge thereon; (3) to receive the rents and profits of lands and apply them to the use of any person during the life of such person or for any shorter term, subject to the rules prescribed in the last preceding chapter; (4) to receive the rents and profits of lands and to accumulate the same for the benefit of any married woman, or for any of the purposes and within the limits prescribed in the preceding chapter; (5) for the beneficial interests of any person or persons, when such trust is fully expressed and clearly defined upon the face of the instrument creating it, subject to the limitations as to time prescribed in this title."

A slight addition made to the fifth subdivision in the revision of 1878 is immaterial here. There are only two of the above subdivisions under which it can be claimed for a moment that the present case falls, namely, the second and fifth. The second must be at once rejected, because the will does not direct the legatee to sell, mortgage, or lease the lands. Therefore there can be no trust for that purpose. But the claim is seriously made that it may be a trust for the beneficial interest of the legatee, fully expressed and clearly defined under the fifth subdivision. If this claim is to be sustained, certainly we shall have to materially enlarge our conceptions of express trusts in real property. It is to be remembered that the defendant *James O'Brien* was never the executor of his father's will, as the defendant was in the case of *Powers v. Powers,* 28 Wis. 659, and hence that the trust relationship existing between executor and legatee never arose. He was simply a devisee of real estate, upon which was imposed a money charge or lien in favor of a third person. He was not required by the will either to sell the real estate and pay the charge out of the proceeds, or to use it in

any particular manner for the benefit of the legatee, or to use it in any manner if he did not choose to. It was his own property, subject simply to the payment of the charge. By accepting the devise, and taking possession thereof under the devise, he doubtless became personally liable to pay the charge thereon when it became payable by law. *Evans v. Foster,* 80 Wis. 509, 50 N. W. 410. His situation, then, was that he owned real property, subject to a lien thereon, which he had agreed to pay, and which might be foreclosed and enforced at any time after it fell due, which, under any theory of the facts stated, was more than twenty years before the commencement of this action. Sec. 3850, R. S. 1878. If, under these circumstances, he is to be held the trustee of an express trust, under the terms of subd. 5 of the section quoted, then it is difficult to see why every mortgagor of lands is not also the trustee of an express trust, under said subdivision, or why every owner of lands which are subject to a lien, whether for purchase money or building materials or unpaid taxes, is not such trustee. This conclusion seems unavoidable if the premise be granted, and it becomes, perhaps, the strongest argument against the correctness of the premise. It is not meant that, in case a man owns and occupies property subject to a mortgage or charge, there may not be some characteristics which may properly be called "trust characteristics" in his holding. His holding is fiduciary, to the extent that he may not destroy the property or commit waste to the prejudice of the mortgagee or owner of the charge; and so he may properly enough be called a trustee, in a general sense, as that term is frequently used to cover fiduciary relations of many kinds which do not rise to the dignity of express trusts.

The case of *Bostwick v. Estate of Dickson,* 65 Wis. 593, 26 N. W. 549, was much relied upon by the respondent, but this was a case of express trust created by contract in lands under the fifth subdivision aforesaid, and hence can have no

bearing here. In the case of *Severin v. Rueckerick*, 62 Wis.
1, 21 N. W. 789, the simple question was whether a volun-
tary conveyance made by a father to his son, conditioned for
the support of the father and mother during their lives out
of the crops, and for the payment of certain sums to other
children after the death of the parents, was a conveyance in
trust for the grantor's own use, and hence void as to credit-
ors, under the provisions of sec. 2306, R. S. 1878; and it was
held that it was such a conveyance. There was no question
litigated or determined in that case as to the character of the
trust, or as to the operation of the statute of limitations
thereon. In *Powers v. Powers*, 28 Wis. 659, the defendant
was the executor of his father's will, by the terms of which
he was given certain lands, subject to the payment of a charge
thereon to his brother, the plaintiff; and action was brought
in equity to enforce such charge. The question presented
was whether the circuit court had jurisdiction of the action,
and it was held that it had, because the defendant held the
land devised to him in trust for the plaintiff, to the extent of
the charge thereon. The question whether the trust was an
express trust, within the terms of the section hereinbefore
quoted, was not presented or decided in the case; nor was the
question of the operation of the statute of limitations in-
volved. Moreover, the defendant did in fact occupy the po-
sition of a trustee toward the plaintiff, by reason of the fact
that he was executor of the will.

It is not to be denied, however, that the language of the
opinion in *Williams v. Williams*, 82 Wis. 393, 52 N. W.
429, is substantially in accord with the respondent's conten-
tion in this case, and at variance with the conclusion we have
here reached. The case was one of partition between two
brothers to whom lands had been devised jointly, subject to
a legacy in favor of another brother, and subject, also, to the
life estate of the widow in said lands. The widow was ex-
ecutrix of the will, and went into possession of the land there-

under, and so remained from December, 1860, until her death, in December, 1884; and the defendant in the partition suit was made administrator of the estate in June, 1885. The partition action was commenced at some time prior to January, 1890, at which time the brother to whom the legacy was given· was allowed to intervene for the purpose of enforcing a charge upon the lands to pay his legacy, which he claimed never had been paid. The original parties to the partition suit answered his petition, claiming that the legacy had been paid by their mother, and this issue was tried by a jury. Upon the trial the jury were instructed on the subject of the alleged payment that they might consider the presumption of law that after the lapse of twenty years the claim had been paid, and this was held erroneous, because, being a case of trust, neither the statute of limitations nor presumption of payment from lapse of time would apply. The facts stated in that case were markedly different from the facts before us now. The widow in that case, who was the executrix, and hence a trustee for the legatee, had possession of the land as life tenant up to December, 1884; and it appears that the estate was then unsettled and that one of the remaindermen became administrator in her place. Thus it might, perhaps, be said with truth that the property was in the hands of trustees of express trusts up to within a short time before the intervention took place, and hence that upon this ground the decision in that case was right. It must be admitted, however, that the decision was put squarely upon grounds which would sustain the ruling in the present case. In view of our recent· rulings on the subject of the application of the statute of limitations in cases of trust as contained in *Boyd v. Mut. F. Asso.* 116 Wis. 155, 90 N. W. 1086, 94 N. W. 171, and *Buttles v. De Baun,* 116 Wis. 323, 93 N. W. 5, which rulings were made after mature consideration of the subject, we do not feel that we can follow the reasoning of the *Williams Case;* and so far as it indicates that a mere

devisee of land, subject to the payment of a legacy charged thereon, is a trustee for the legatee, of such a nature that the statute of limitations will not run in his favor, it must be considered as overruled.

*By the Court.*—Order reversed, and action remanded with directions to sustain the demurrer to the complaint.

CASSODAY, C. J., dissents.