STEELE, Respondent, vs. KORN, Appellant, and others, imp., Respondents.

*October 24—November 10, 1908.*

*Pleading: Demurrer: Costs: Appeal and error: Exceptions, when considered: Wills: Construction: Liability of devisee taking possession of lands charged with legacy: Interest devised: Life estates: Enforcement of legacy charged on real estate.*

1. An exception to the court's ruling on defendant's demurrer on the ground of defect of parties defendant need not be considered, where it appears that on consent of the parties the alleged

defect has been cured by an order making the alleged necessary party a defendant.

2. In such case the imposition of $10 costs as a condition of answering on overruling defendant's demurrer furnishes no basis of complaint, where it appears that defendant participated in the trial to the extent of offering his evidence and presenting his claims to the court by counsel, since he was thus practically afforded the same privileges as if he had served an answer denying the right to the judgment as rendered.

3. Where a devisee of lands accepts the devise and takes possession thereof under such devise, he becomes personally liable to pay a legacy charged thereon when it becomes payable by law. The situation of the devisee, then, is that of owner of the property subject to a lien thereon, which he had agreed to pay, and which may be foreclosed and enforced at any time after it falls due.

4. A will which devises real estate to K. for life, with remainder over to his issue, and, if he should leave no issue, then the remainder over to testator's grandchildren who might be living at the time of K.'s death, is *held* to limit K.'s interest to his life.

5. Testator devised lands to K. for life, with remainder over, and K. took possession thereof. Plaintiff, a legatee whose legacy was chargeable on the same lands, brought suit to foreclose and enforce her lien. It appeared that K.'s estate in the lands would, in all probability, sell for a meager sum on account of its uncertain duration, and for the same reason a separate sale of the estate in remainder would probably fail to bring a reasonably fair price, and the selling of such interests separately would operate to the injury of all parties interested in the land. *Held*, under the circumstances presented, that the court should adopt the course which, in freeing the property from the lien of plaintiff, would least threaten loss to the estate and which would promote the interests of all owners, and to accomplish this result the whole property in fee simple should be sold and converted into its equivalent in money and dealt with in this form as realty.

6. In such case the value of K.'s estate in the whole proceeds should be ascertained under the rules for computing the value of life estates, and be taken out of the selling price of the whole estate and applied to the payment of plaintiff's judgment, any balance after satisfying the judgment to be paid to K. as the absolute owner thereof.

7. In such case, in the event that the amount found to be the value of K.'s estate is insufficient to satisfy plaintiff's judgment, then a sum which, when added to K.'s estate, will be sufficient to

satisfy the judgment, should be taken out of the estate in remainder.

8. In such case whatever estate in remainder is not required to satisfy the judgment should be placed in charge of a trustee to administer and hold for accumulation for the persons entitled thereto at the time of the death of K.

9. On a motion to correct the record it is *held* that the interest of K. in the lands involved is as stated in *Korn v. Friz*, 128 Wis. 428, but that such holding in no way affects the correctness of the decision on this appeal and does not call for any modification of the mandate.

APPEAL from a judgment of the county court of Waukesha county: M. S. GRISWOLD, Judge. *Reversed.*

This is an action for the collection of a legacy and the enforcement of the lien created thereby upon the real estate specified in the will of plaintiff's father, Henry Korn, deceased. *William Korn* has a life interest in the real estate charged with the lien. After his death the property is devised to his issue then living, and, if he dies without issue then living, then it is devised to the living grandchild or children of the testator. The original parties defendant in this action were *William Korn,* Alice Korn, his daughter, *Henry Nelson Friz, Marion Friz,* Charles F. Steele, Mary E. Steele, and William H. Steele, grandchildren of Henry Korn, and Etta R. Steele, wife of William H. Steele, all of whom are alleged to claim an interest in this real estate. The complaint sets forth the claim of plaintiff, the death of Henry Korn, the fact that he left a will and devised the real estate in question to his son *William* upon the condition therein stated, and bequeathed to plaintiff, his daughter, $5,000, to be paid to her by *William,* and which is made a charge upon the real estate devised to *William.* The remainder over was devised to *William's* children, and, if he should leave no issue living at the time of his death, then to testator's grandchildren, as above stated. For a detailed statement of the facts concerning the estate, the death of Henry Korn, the nature of the provisions of his will, and the devisees and legatees under it, and the proceedings for a con-

struction of it, see the report of the case of *Korn v. Friz*, 128 Wis. 428, 107 N. W. 659.

*William Korn* demurred to the complaint on the ground that there was a defect of parties in that it omitted to make Florence Korn, his wife, a party, she having dower and homestead rights in the land and being therefore a necessary party. The trial court overruled the demurrer and allowed *William Korn* thirty days to answer upon payment of $10. *William Korn* did not answer. The court thereafter entered consent orders, agreed to by *William Korn,* dismissing the case as to Alice Korn and making Florence Korn a party defendant, and she was served with summons and complaint. All of the defendants except the two *Friz* minors defaulted. They answered, admitting plaintiff's claim, but demanded that personal judgment be enforced against *William Korn,* and if such judgment could not be satisfied out of his property, aside from his interest in the real estate devised by the will, that his interest so acquired by him under the will might first be sold for satisfaction of plaintiff's claim, and, if his property and interest in such real estate so devised to him did not satisfy plaintiff's claim, that the whole interest in such real estate might be sold, and so much of the proceeds applied to the payment of plaintiff's claim as might be necessary when added to the sums realized out of *William's* property and the value of his interest in such real estate. The court heard the application and took proof of the material allegations. *William Korn* took part as a party to the action, and insisted that the whole of the real estate be sold to satisfy plaintiff's claim. The guardian *ad litem* appeared and demanded that judgment be awarded holding *William* primarily liable for plaintiff's claim, and that his property and interest in the real estate devised to him by the will be first applied in satisfaction of plaintiff's judgment.

The court made findings covering the material allegations, which are not in dispute, and awarded judgment in plaintiff's favor against *William Korn* for $5,000, with interest from

January 11, 1906, the date it became due, and costs of this action. Such judgment was decreed to be a lien on the interest of *William Korn* in the real estate devised by his father, and the interest of *William* was decreed to be primarily liable for the payment of plaintiff's judgment. The judgment was furthermore decreed to be a lien on the remaining interests in this real estate, in which the other defendants have a contingent interest, and plaintiff was adjudged to have the right to sell these interests in such real estate to satisfy the judgment. The judgment further directed that the sheriff of Waukesha county, at the expiration of four months from the date, offer for sale to satisfy the judgment, first, the interest of *William Korn* in this real estate; if a sufficient sum should not be offered to satisfy the judgment, then the sheriff was directed not to make sale thereof, but thereupon to offer and sell the fee-simple absolute of all the real estate, unless the judgment should first be paid within the four months. The sheriff was directed to pay the judgment and the costs of sale out of the proceeds of the sale, to make report, and deposit the surplus with the clerk of the court. Upon confirmation of the sale, deeds were to be issued and the possession of the premises to be delivered to the purchaser, and the defendants thereafter were to be forever barred and foreclosed of all right, title, interest, and equity of redemption in the real estate unless it should be redeemed as provided. The defendant *William Korn* appeals from this judgment.

For the appellant there was a brief by *Tullar & Lockney,* and oral argument by *D. S. Tullar.*

For the plaintiff and respondent there was a brief by *Frame & Blackstone,* and oral argument by *H. J. Frame.*

The cause was submitted for the minor respondents on the brief of *Ryan, Merton & Newbury.*

Siebecker, J. The exception to the court's ruling on defendant's demurrer to the complaint upon the ground that it

appeared that there was a defect of parties defendant to the action need not be considered, since he consented to the dismissal of the action as to Alice Korn and to making Florence Korn a party defendant.   The imposition of $10 costs as a condition of answering furnished no basis for complaint. The imposition of terms was proper under the circumstances. Furthermore, it appears that the appellant participated in the proceedings and the trial to the extent of offering his evidence and of presenting his claims to the court by counsel. This practically afforded him the same privileges as if he had served an answer denying the right to judgment of foreclosure as rendered by the court.

Appellant contends that the court erred in awarding judgment against him personally for the amount of plaintiff's legacy and in making the interest he acquired in the real estate under his father's will primarily liable for payment of this legacy.   In the action of *Korn v. Friz,* 128 Wis. 428, 107 N. W. 659, it was determined that the appellant in the instant action took the real estate devised to him upon the condition that he pay to testator's daughter, the plaintiff in this action, the sum of $5,000, and that she had the right to a lien or charge for that amount upon the land devised to appellant, which could be enforced against the land.   It appears that appellant has taken possession of this property under the will devising it to him.   The result is as stated in *Merton v. O'Brien,* 117 Wis. 437, 94 N. W. 340:

"By accepting the devise, and taking possession thereof under the devise, he doubtless became personally liable to pay the charge thereon when it became payable by law. [Citing cases.]   His situation, then, was that he owned real property subject to a lien thereon, which he had agreed to pay, and which might be foreclosed and enforced at any time after it fell due."

The holding of the trial court is to this effect, and it rendered judgment against appellant for the amount of the legacy he thus agreed to pay, and, in default of such pay-

ment, awarded judgment of foreclosure and sale of his interest in the premises, and, if appellant's interest in the lands should fail to sell for a sum sufficient to discharge the plaintiff's demand, then the judgment of foreclosure and sale was against the interests of all those owning the land. There is no question but that the plaintiff is entitled to have the lands sold under foreclosure judgment. *Korn v. Friz,* 128 Wis. 428, 107 N. W. 659. The will devised the real estate to appellant for life, with remainder over to his issue, and, if he should leave no issue, then the remainder over was devised to the testator's grandchildren who might be living at the time of *William's* death. This limited appellant's interest to his life.

It is apparent that appellant's estate in this land will, in all probability, sell for a meager sum on account of its uncertain duration, and for the same reason a separate sale of the estate in remainder will probably fail to bring a reasonably fair price. The selling of these interests separately will operate to the injury of all parties interested in the land. The trial court found that the sale of the premises as a whole would be to the advantage and best interest of all parties. Under the circumstances presented the court must adopt the course which, in freeing the property from the lien of the plaintiff, will least threaten loss to the estates and which will promote the interests of all the owners. "To accomplish this result the interests in remainder are to be preserved, as nearly as the circumstances will permit, as the creator of them has provided," and, if this cannot be effected by selling a part of the real estate, then the whole may be converted into its equivalent in money and dealt with in this form as realty. *In re Kingston's Estate,* 130 Wis. 560, 110 N. W. 417; *Ruggles v. Tyson,* 104 Wis. 500, 79 N. W. 766, 81 N. W. 367. Under these circumstances it is manifest that a sale of the whole property in fee simple will operate to the advantage of all the owners. The value of appellant's

life estate in the whole proceeds may readily be ascertained under the rules for computing the value of such estates, and it may be taken out of the selling price of the whole estate and applied in payment of plaintiff's judgment. If there be a balance over and above the amount required to satisfy the judgment, such balance should be paid to him as absolute owner thereof.

In the event that the amount found to be the value of appellant's life estate is insufficient to satisfy plaintiff's judgment, then a sum which, when added to the life estate, will be sufficient to satisfy the judgment must be taken out of the estate in remainder. Whatever estate in remainder is not required to satisfy the judgment must be placed in charge of a trustee to administer and hold for accumulation for the persons entitled thereto at the time of the death of appellant, the life tenant.

In view of these considerations the judgment entered by the trial court is erroneous and must be reversed, and the cause remanded to the trial court with directions to enter judgment upon the record in accord with this opinion.

*By the Court.*—It is so ordered.


The following opinion was filed March 9, 1909:


SIEBECKER, J. The appellant moves for a correction of the record, which in effect states that the will of Henry Korn, deceased, devised the property in question to *William Korn* for life, with remainder over to his issue; that *William Korn's* interest is limited to a life estate, and that after his death the property is devised to his issue then living. The case of *Korn v. Friz,* 128 Wis. 428, 107 N. W. 659, discloses that in deciding the question then presented the court regarded the interest of *William Korn* in the real estate devised to him by his father, Henry Korn, deceased, as a fee, determinable at his death if he should die without issue, and

considered that a determination of the nature and quality of his estate was necessarily involved in the question then presented. It was declared to be a "base fee." As between the parties, the decision then made must be regarded as the law of the case, and it cannot be changed on this appeal.

In a statement of the opinion in the instant case the estate devised by the will of Henry Korn, deceased, to his son *William* is referred to as a life estate with remainder over to his children. In view of the former decision in *Korn v. Friz, supra,* this is erroneous and must be so regarded. When the question of *William's* interest in this real estate under his father's will has been passed upon by this court, that decision, whether right or wrong, becomes the law of the case and binds the parties. *Cole v. Clarke,* 3 Wis. 323.

This condition of the record in no way affects the correctness of the decision on this appeal and does not call for a modification of the mandate. It is to be understood that whenever *William Korn's* interest is referred to in the record, such an interest is meant as the case of *Korn v. Friz, supra,* holds that he acquired.

*By the Court.*—The motion is denied. No motion costs are to be taxed against either party.